UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Life Share Collateral Holdings, LLC,

      Plaintiff,

v.                                                Civil No. 11-3605 (JNE/JJK)
                                                 ORDER

Ronald Albers, Raymond Byron Whitaker,
Reginald Barnes, and Sterling Hariss,

      Defendants.

Invoking jurisdiction conferred by 28 U.S.C. § 1332 (2006) (amended 2011), Life Share Collateral Holdings, LLC, brought this action against Ronald Albers, Raymond Byron Whitaker, Reginald Barnes, and Sterling Harris.[1] It invoked § 1332(a)(1), which provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to its independent obligation to determine whether subject matter jurisdiction exists, *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010), the Court observes that Life Share Collateral Holdings has not properly alleged the parties' citizenships. The Court grants Life Share Collateral Holdings an opportunity to properly allege them.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Life Share Collateral Holdings bears the burden of establishing the citizenship of all parties. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

---

[1] The Complaint's caption identifies one of the defendants as "Sterling Hariss." The Complaint otherwise refers to him as "Sterling Harris." The Court assumes "Harris" is correct.

1

In the Complaint, Life Share Collateral Holdings alleged that it "is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located . . . in the State of Illinois." For purposes of diversity jurisdiction, a limited liability company's citizenship is not determined according to 28 U.S.C. § 1332(c)(1). *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829. "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. The Complaint does not contain any allegations about the citizenship of the members of Life Share Collateral Holdings.

As to the defendants, Life Share Collateral Holdings alleged that Albers "was an individual residing . . . in the State of Texas"; that Barnes "was a licensed life insurance agent in the State of Minnesota" and that he "had his principal place of business located in . . . Texas";

that Harris "was a licensed life insurance agent in the State of Texas" and that he "had his principal place of business and/or residence located in . . . Texas"; and that Whitaker "maintained his principal place of business in the . . . State of Texas." "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Residence and citizenship are not synonymous for purposes of diversity jurisdiction. *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Life Share Collateral Holdings failed to allege the citizenship of any of the defendants.

Having failed to allege the parties' citizenships, Life Share Collateral Holdings has not satisfied its burden of establishing diversity jurisdiction. Within seven days of the date of this Order, Life Share Collateral Holdings shall file an Amended Complaint that alleges the citizenships of the parties at the time of this action's commencement. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004). If Life Share Collateral Holdings fails to do so, the Court will dismiss this action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: December 19, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge