UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Life Share Collateral Holdings, LLC,

   Plaintiff,

v.                Civil No. 11-3605 (JNE/JJK)
                   ORDER

Ronald Albers, Raymond Byron Whitaker,
Reginald Barnes, Sterling Harris, and
Volios Group, LLC,

   Defendants.

  In December 2011, Life Share Collateral Holdings, LLC (Life Share), brought this action against Ronald Albers, Raymond Byron Whitaker, Reginald Barnes, and Sterling Harris. In an Order dated December 19, 2011, the Court noted that Life Share had failed to allege the citizenship of any of the parties. The Court granted Life Share seven days to file an Amended Complaint that redressed the deficiencies in its assertion of subject-matter jurisdiction. Life Share timely filed an Amended Complaint.

  In June 2012, a Stipulation to Serve Second Amended Complaint was filed. Based on the stipulation, the magistrate judge issued an order that allowed Life Share to serve the Second Amended Complaint. Life Share filed it a few days later.

  The Second Amended Complaint added Volios Group, LLC, as a defendant. Paragraph 8 of the Second Amended Complaint states:

> At all relevant times, Defendant Volios Group, LLC was (i) a licensed insurance agency; (ii) was contracted or appointed with Lincoln Financial Group as a Brokerage General Agency or Managing General Agency; (iii) and had their [sic] principal place of business located in the City of South Orange, County of Essex, State of New Jersey.

Because "LLC" appears in its name, Volios Group is apparently a limited liability company. Life Share did not allege the citizenship of Volios Group's members. Thus, it failed to allege the citizenship of Volios Group.[1]

Within seven days of the date of this Order, Life Share shall file a Third Amended Complaint that alleges with specificity the citizenship of Volios Group. If Life Share fails to do so, the Court will dismiss this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540-41 & n.3 (6th Cir. 2006); *Gorfinkle v. U.S. Airways, Inc.*, 431 F.3d 19, 22 (1st Cir. 2005) ("The addition of a non-diverse defendant in an amended complaint defeats diversity.").

IT IS SO ORDERED.

Dated: August 23, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] The Court explained to Life Share how to allege a limited liability company's citizenship in the December 19 Order. The Court declines to repeat that explanation here.