UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Life Share Collateral Holdings, LLC

    Plaintiff,

v.                                              Civil No. 11-3605 (JNE/JJK)
                                                  ORDER

Ronald Albers; Raymond Byron Whitaker,
an individual, d/b/a Easy Financial Software
& Solutions, LLC; Reginald Barnes;
Sterling Harris; Volios Group, LLC,

    Defendants.

This case is before the Court on a motion filed by defendant Volios Group, LLC, seeking to dismiss the Third Amended Complaint of plaintiff Life Share Collateral Holdings, LLC ("LSCH"). For the reasons stated below, the Court grants Volios's motion.

Volios first argues that the Third Amended Complaint fails to establish this Court's subject matter jurisdiction over this case because LSCH pled Volios's citizenship only "on information and belief" and not with specificity. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The party seeking the federal forum carries the burden of pleading the diversity of citizenship of the parties, *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997), and the Eighth Circuit requires that jurisdiction "be affirmatively shown." *Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir. 1956).

A bright-line rule that jurisdictional allegations may not be made "on information and belief" appears sometimes to have been applied. *See, e.g.*, *Sheikh v. York*, No. 11-cv-15533, 2012 WL 1004853, at *2 (E.D. Mich. Mar. 26, 2012) (noting that plaintiff failed to plead the citizenship of an LLC because the plaintiff relied on information and belief regarding the

1

constituent members of the LLC); *Fifth Third Bank v. Flatrock 3, LLC*, No. 09-CV-06051 (DMC-JAD), 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (dismissing case for lack of subject matter jurisdiction when plaintiff alleged citizenship of members of LLC "upon information and belief"); *Virtual Worlds, LLC v. Seaboard Int'l Energy Corp.*, No. CV 10-4432 PA (JCGx), 2010 WL 2553468, at *2 (C.D. Cal. June 18, 2010) (noting, on a removal petition, that defendant's allegation about plaintiff's citizenship on "information and belief" was insufficient to invoke court's diversity jurisdiction).

On the other hand, if other information in the record reveals the existence of complete diversity, that might satisfy a court that jurisdiction exists. *See Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010); *MBRO Capital, LLC v. Stolzar*, No. 3:09-cv-1688 (CSH), 2011 WL 65913, at *1 n.1 (D. Conn. Jan. 5, 2011) (noting that plaintiff adequately alleged diversity of citizenship when plaintiff alleged, on information and belief, that the three members of an LLC were citizens of New York); *see also* Carter G. Bishop & Daniel S. Kleinberger, *Limited Liability Companies: Tax and Business Law* ¶ 1.03(3)(b)(ii) ("[B]ecause LLC membership information is rarely a matter of public record, a third party that invokes diversity jurisdiction against an LLC may have to proceed first 'on information and belief' and then promptly obtain the court's assistance to determine the citizenship of each LLC member.").

The Court is now satisfied in this case that it has jurisdiction. Volios did not assert in its motion to dismiss that any of its members are citizens of Illinois, which is the state of LSCH's citizenship. Of course no such assertion was required of Volios—the burden of showing diversity is on the party invoking diversity jurisdiction. But here, counsel for Volios candidly admitted that although LSCH was wrong about Volios Group, LLC, having only one member, no member's citizenship would defeat diversity.

Volios separately argues that LSCH has failed to state a claim for unjust enrichment. When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). As written, the Third Amended Complaint seeks monetary damages against Volios in the amount of $2,338,851.50, joint and severally with the other defendants. However, as LSCH acknowledged at oral arguments, the allegations against Volios are intended to be allegations of unjust enrichment. "To establish a claim of unjust enrichment under Minnesota law, a plaintiff must show the defendant knowingly received or obtained something of value for which the defendant in equity and good conscience should pay." *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 666 (8th Cir. 2012) (quotation omitted). Here, LSCH never alleged that Volios participated in the fraudulent conduct. Rather, LSCH alleges that Volios was unjustly enriched because it "received a portion of the commissions [two insurance agents] earned on the sale of the [life insurance] Policies." (Dkt. 46 at ¶ 33.) Even under a notice pleading standard, the Third Amended Complaint does not adequately allege an unjust enrichment claim under Minnesota law. Therefore, the Court dismisses LSCH's unjust enrichment claim against Volios.

Therefore, IT IS ORDERED THAT:

1. Defendant Volios Group, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 50] is GRANTED.

2. Plaintiff's Third Amended Complaint is DISMISSED WITHOUT PREJUDICE against defendant Volios Group, LLC.

Dated:  November 9, 2012

    s/Joan N. Ericksen
    JOAN N. ERICKSEN
    United States District Judge